■ In the Matter of MEADOWBROOK NURSING HOME, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Health which denied petitioner's application to expand its residential health-care facility.

For the past seven years, petitioner has been attempting to obtain permission from respondent Commissioner of Health to add 80 beds to its health-care facility in the City of Plattsburgh, Clinton County. Although the regional planning council (see, Public Health Law § 2904 [a]) recommended approval of petitioner's application to add 80 beds, the Commissioner has repeatedly denied the application. The financial feasibility of petitioner's application has been approved. The focus of the controversy has evolved to whether there is a need for 80 additional beds in that area of the State.

When the matter was previously before this court (Matter of Meadowbrook Nursing Home v Axelrod, 116 AD2d 837), we held that the Commissioner's denial of the application based upon adherence to a rigid formula, without consideration of the virtually uncontested testimony of numerous witnesses that a substantial need existed, was improper and warranted

annulment. Without taking further testimony or presenting additional evidence, the Commissioner referred the matter to an Administrative Law Judge (ALJ) who concluded that no public need existed for the proposed expansion. The ALJ thus recommended that petitioner's application be denied. The Commissioner adopted the ALJ's findings of fact, conclusions and recommendations and, for the third time, denied petitioner's application. This proceeding ensued.

The adversarial posture which has developed between the Commissioner and petitioner has overshadowed the uncontested fact that a substantial number of elderly citizens in Clinton County are on waiting lists to get into health-care facilities. The protection and care of these people should be the paramount concern (see, *People v Hawker,* 152 NY 234, 241, *affd* 170 US 189; 26 NY Jur, Health, § 1, at 36 [1962]).

Administrators from several of the health-care facilities in the region surrounding petitioner's facility testified at the original hearing and submitted supplemental affidavits indicating that there were and continue to be long waiting lists of individuals seeking admission to their facilities. A survey conducted by the Clinton County Legislature further demonstrated the actual need for additional beds. The survey, which was carefully conducted and cross-referenced to avoid duplicating names of applicants, revealed that 260 individuals were seeking admission to health-care facilities in Clinton County. Petitioner's administrator stated that its waiting list contained 184 skilled nursing home facility applicants and 66 health-related facility applicants from Clinton County.

The evidence presented clearly established that all of the health-care facilities in the area were operating at maximum capacity. No evidence was submitted from which it could be rationally concluded that the individuals currently filling the regional nursing homes to capacity are not in need of the services that they are receiving. Further, because of the shortage of beds in Clinton County, 15 individuals from Clinton County have been placed by the Department of Social Services in other counties, and 9 are in nursing homes outside of this State. The consistent and uncontradicted testimony of all of the health-care professionals from the area has been that there is an actual need for additional nursing home beds in Clinton County.

The Commissioner, however, again turning to mathematical formulas, concluded that 63 too many beds existed in Clinton County. The Commissioner's abstruse calculations do not reflect the conspicuous realities.

The Commissioner attempts to minimize the long waiting list by referring to a report which concluded that 25% to 40% of the applicants are eligible for home health-care services. Interestingly, the report relied upon to support this conclusion had been characterized by Supreme Court earlier in this litigation as "unsubstantiated". Further, even assuming, arguendo, that 40% of the applicants do not need nursing home care, that still leaves 60% of the 260 applicants (a number which far exceeds the 80 beds petitioner seeks to add) without adequate care. The Commissioner's contention that there is a difference between demand and need, which is relevant to the determination of petitioner's application, is not quantitatively supported. The Commissioner also attempts to minimize the apparent necessity for beds by pointing to the existence of alternative programs. This is a reed much too thin to justify the denial of the application, particularly since the record reveals that at least one of the alternative programs cited to by the Commissioner does not exist in Clinton County and others ostensibly do not meet the type of needs which are present.

Confronted with the persuasive evidence that an actual need existed in Clinton County (and this court's prior determination that the record was inadequate to deny the permit), it was incumbent upon the Commissioner to present some credible evidence supporting his consistently reappearing decision that no need exists. Logic would seem to dictate that, at a minimum, the Commissioner would have investigated the fact that his formulas apparently did not reflect the realities of this rural county. It is within the Commissioner's province to assess credibility and determine need when the evidence supports contrasting opinions. However, where, as here, the evidence presented points overwhelmingly to the conclusion that a need for more beds exists and no relevant evidence of the type " 'which responsible persons are accustomed to rely in serious affairs' " *(People ex rel. Vega v Smith*, 66 NY2d 130, 139, quoting *National Labor Relations Bd. v Remington Rand*, 94 F2d 862, 873, *cert denied* 304 US 576) is presented in opposition thereto, the Commissioner's determination is necessarily arbitrary and capricious.

Determination annulled, with costs, and petition granted. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.